UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Petitioner, | : | |
| v. | : | Case No. 2:07-mc-6-FTM-29SPC |
| ERIC D. RICE, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The United States petitioned the Court seeking enforcement of an Internal Revenue Service administrative summons issued to aid in the collection of Respondent's tax liabilities for the years 1997 through 2001. In response to this Court's[1] Order to Show Cause why he should not be compelled to comply with the summons, Respondent asserted that he believed he had been complying with the summons because he had been working with the Appeals Office of the Internal Revenue Service and further because he had been attempting to arrange financing to enable him fully to satisfy his tax obligations for the years at issue in the summons. Respondent reiterated these arguments at the show cause hearing on April 16, 2007.

To obtain judicial enforcement of an Internal Revenue Service summons, the United States must show: (1) the summons was issued for a proper purpose, (2) the material sought is relevant to that purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States

---

[1] This action was referred to the undersigned pursuant to Local Rule 6.01(c)(11).

v. Powell, 379 U.S. 48, 57-58 (1964); LaMura v. United States, 765 F.2d 974, 979 (11th Cir. 1985). The United States can satisfy the Powell requirements simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts. LaMura v. United States, 765 F.2d at 979. Once the United States makes this showing, the burden shifts to the party contesting the summons to either disprove at least one of the Powell requirements or convince the Court that the judicial enforcement would constitute an abuse of the Court's process. LaMura v. United States, 765 F.2d at 979. At all events, the burden on the party contesting the summons is a heavy one which requires allegations of specific facts and the introduction of evidence. United States v. Leventhal, 961 F.2d 936, 940 (11th Cir. 1992).

The United States has satisfied the Powell requirements. Respondent's mistaken belief that he had been complying with the summons by working with the Appeals Office and by attempting to arrange financing to enable full payment of his tax obligations has not refuted the United States' factual or legal arguments and has not convinced this Court that enforcement of the summons would constitute an abuse of the Court's process.

Accordingly it is hereby

**RESPECTFULLY RECOMMENDED**

1. The United States' Petition to Enforce Internal Revenue Service Summons be granted.

2. Respondent be directed to appear before Revenue Officer C. Lewis, or her designee, on **May 15, 2007, at 10:00 a.m.**, at 2891 Center Pointe Drive, Suite 100, Fort Myers, Florida, and at that time fully comply with the terms, provisions, and commands of the summons previously served on him, a copy of which is attached as Exhibit A-1 to the Petition.

2

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully Recommended at Fort Myers, Florida, on this __24th__ day of April, 2007.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

cc: All Parties of Record
AUSA Patricia Willing